

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 25, 2015

Philip J. Doherty, Esq.
Doherty Law Offices
73A Winthrop Avenue
Lawrence, MA 01843

> Re:   *United States v. Rafael Beamud, Jr.*
>          Criminal No. 13-10330-DJC

Dear Mr. Doherty:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Rafael Beamud, Jr. ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.   Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Superseding Information attached to this Agreement charging him with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Counts One through Six); and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A) (Count Seven). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One through Seven of the Superseding Information, did so knowingly, and is in fact guilty of those offenses.

This Agreement is contingent upon Defendant's entry of a plea of guilty in United States District Court in the District of New Hampshire to one count of robbery involving a controlled substance, in violation of 18 U.S.C. §2118, and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §924(c).

The U.S. Attorney agrees to dismiss the Indictment following the imposition of sentence in this case and following a plea of guilty and sentencing to the New Hampshire federal charges.

2.    Penalties

Defendant faces the following maximum penalties on each count of armed bank robbery (Counts 1 through 6) contained in the Superseding Information: incarceration for 25 years; supervised release for 5 years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Superseding Information.    Defendant faces the following mandatory minimum and maximum penalties on the count charging Defendant with possession of a firearm in furtherance of a crime of violence (Count 7) contained in the Superseding Information: incarceration for a mandatory minimum term of 7 years and a maximum possible term of life, which term of imprisonment must run consecutively to any other term of imprisonment imposed on Defendant; supervised release for 5 years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Information.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.    Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Agreement, the U.S. Attorney may deem the Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4.    Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- in accordance with USSG §2B3.1(a), Defendant's base offense level for the armed bank robbery charged in Count 1 is 20;

- in accordance with USSG §2B3.1(b)(1), Defendant's offense level for the armed bank robbery charged in Count 1 is increased by 2, because the

property of a financial institution was taken;

- in accordance with USSG §3D1.4, Defendant's combined offense level is determined by adding 5 levels to the offense level applicable to Count One, the Group with the highest offense level, because each of the armed bank robberies charged in Counts 2-6 is equally as serious as the armed bank robbery charged in Count 1; and

- in accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by three levels, for a total adjusted offense level for Counts 1-6 of 24.

The parties further agree that, in accordance with USSG §2K2.4, the mandatory minimum period of 84 months in Count 7 is required to be imposed and run consecutively to the sentence imposed on Counts 1-6.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

(a)   Fails to admit a complete factual basis for the plea;

(b)   Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d)   Fails to provide truthful information about Defendant's financial status;

(e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f)   Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g)   Intentionally fails to appear in Court or violates any condition of release;

(h)   Commits a crime;

  (i)     Transfers any asset protected under any provision of this Agreement; or

  (j)     Attempts to withdraw Defendant's guilty plea.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.     Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

  (a)     incarceration for 141 months;

  (b)     a fine in an amount to be determined by the Court;

  (c)     60 months of supervised release;

  (d)     a mandatory special assessment of $700;

  (e)     restitution in the amount of $20,843; and

  (f)     forfeiture as set forth in Paragraph 9.

6.     Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.     Waiver of Right to Appeal and to Bring Future Challenge

  (a)     Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255 or 28 U.S.C. §2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

  (b)     Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise) such as pursuant to 28 U.S.C.

4

§2255, 28 U.S.C. §2241 or 18 U.S.C. §3582. The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Defendant also waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Agreement, the parties intend that Defendant will receive the benefits of the Agreement and that the sentence will be final.

(c)     The U.S. Attorney agrees that she will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d)     Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*.

8.     U.S. Probation Office Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the USSG are not binding upon the United States Probation Office.

9.     Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The asset to be forfeited specifically include, without limitation, the following:

(a)  a Ruger LCP, .380 caliber semi-automatic pistol, bearing serial number 379-90509.

Defendant admits that this asset is subject to forfeiture on the grounds that it constitutes

firearms involved in or used in any knowing commission of the offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses, seized by, or turned over to, the FBI on or about April 2013, as to which, Defendant hereby acknowledges, Defendant received actual notice of administrative or civil judicial forfeiture proceedings.

10. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Agreement.

## 12.     Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

## 13.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant understands that his breach of an obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, or pursuant to the proffer agreement dated May 24, 2013, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

## 14.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

## 15.     Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated May 24, 2013. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter dated May 24, 2013 (subject to Paragraph 13, above). This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant,

please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Eve A. Piemonte Stacey.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:  CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES D. HERBERT
Deputy Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

RAFAEL BEAMUD, JR.
Defendant

Date: 3/26/15

I certify that RAFAEL BEAMUD, JR. has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

PHILIP J. DOHERTY
Attorney for Defendant

Date: 3/26/15

9