# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                    )
United States of America            )
                                    )
   vs.                 )    Criminal No.  1:13-cr-10330-DJC
                                    )
Rafael Beamud Jr.                   )
                                    )
_____)

## DEFENDANT'S SENTENCING MEMORANDUM

This memorandum is submitted on behalf of the defendant, Rafael Beamud, Jr., to aid the Court's review of the Rule 11(c) (1) (C) Plea Agreement reached by the parties. For the reasons set forth below, the defense respectfully submits that a sentence of 141 months with five years of supervised release in conjunction with a global resolution of similar conduct in the District of New Hampshire is adequate to satisfy the sentencing factors set forth in 18 U.S.C § 3553(a). The defense thus urges the Court to impose the sentence set forth in the Plea Agreement.

**I.**    *INTRODUCTION*

This case comes to the Court now as a result of a Rule 11(c)(1)(C) agreement between the government and Mr. Beamud. While the numerous charges in this case are serious, an 11(c)(1)(C) plea agreement is particularly appropriate under the circumstances. Mr. Beamud's agreement is contingent upon his entry of a plea of guilty in the United States District Court for the District of New Hampshire to one count of robbery involving a controlled substance, in violation of 18 U.S.C. §2118, and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)[1]. The alleged course of conduct spanned three states and started on or about February 21, 2013 and ended with his arrest on or about April 23, 2013. After his arrest, the defendant voluntarily provided a detailed recorded statement

---

[1] On May 28, 2015 the defendant entered a plea of guilty to both counts in the U.S District Court for the District of New Hampshire. As a result, the defendant now has a conviction for a second and subsequent offense pursuant to 18 U.S.C. § 924(c)(1)(C) with a mandatory minimum consecutive sentence of 25 years.

implicating himself in multiple bank robberies in Massachusetts and two pharmacies in New Hampshire. By entering this Plea Agreement and complying with its terms, the defendant is punishable by mandatory consecutive sentences of at least 32 years for the 18 U.S.C. 924(c)(1)(A) convictions only. The parties have agreed to a global resolution of all charges with a combined sentence totaling 36 years, 9 months and one day. The defendant suggests that this combined sentence, to be imposed for the totality of his conduct during that two month period where he committed multiple robberies in similar fashion, is a severe punishment and is more than adequate to satisfy the sentencing factors set forth in 18 U.S.C § 3553(a). Consequently, Mr. Beamud respectfully urges the Court to adopt the terms of the Plea Agreement and sentence him to 141 months and five years of supervised release.

## II.     *ARGUMENT*

In the May 15, 2015 Presentence Investigation Report ("PSR") the United States Probation Department calculated Mr. Beamud's total offense level to be 30 with a Sentencing Guideline range of 108 to 135 months to be served consecutive to the 7 years to life sentence to be imposed on Count 7 for violating 18 U.S.C. 924(c)(1)(A). In the Plea Agreement, the parties have agreed to a total offense level of 24 with 57 months to be served for Counts 1-6 and consecutive to the 7 year mandatory minimum for Count 7, the 18 U.S.C. 924(c)(1) (A) conviction, for a total sentence or 141 months incarceration. This agreement was entered into in conjunction with and was contingent upon Mr. Beamud's plea of guilty to related charges in the District of New Hampshire for a total sentence of 441 months and 1 day. As such, Mr. Beamud urges the court to grant the variance and adopt the terms of the plea agreement as any additional incarceration would be greater than what is necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).

As the Court is aware, it is no longer required to impose a sentence within the Guidelines range. *United States vs. Booker, 543 U.S. 220, 268 (2005).* Instead, the Court should treat the Guidelines as advisory only, and look to them as well as the other factors set forth in 18 U.S.C. § 3553(a). *Id.; United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006).* As the Guidelines are generalizations, the ultimate focus of sentencing should be on the reasonableness of the sentence given the facts of the particular case. See *Jimenez-Beltre, 440 F.3d at 518.* Although courts must still consider the Guidelines, they are "free

to disagree, in individual cases and in the exercise of discretion, with the actual range proposed by the guidelines, so long as the ultimate sentence is reasonable and carefully supported by reasons tied to the § 3553(a) factors." *United States v. Ranum, 353 F.Supp. 2d 984, 986 ( E.D.Wis 2005).* Given this post-*Booker* framework, the defendant addresses both the Guidelines and the 18 U.S.C. § 3553(a) factors below.

The Court must determine an appropriate sentence that is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. §3553(a). As set forth in 18 U.S.C. § 3553(a) (2) those purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant, and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition to considering the purposes to be served by the sentence, the Court is to consider factors such as the nature and circumstances of the offense, and the history and characteristics of the defendant. 18 U.S.C. 3553(a)(1). When the nature and circumstances of the offense as well as the history and characteristics of the defendant are taken into account in this case it is clear that a sentence of 141 months is sufficient to meet the goals of 18 U.S.C. § 3553(a). The agreed-upon sentence, taken in conjunction with the companion case and sentence to be imposed in the District of New Hampshire, reflects the seriousness of the offenses, affords adequate deterrence, protects the public from further crimes of the defendant and provides for needed treatment for the defendant.

**A. RAFAEL BEAMUD'S PERSONAL HISTORY AND CHARACTERISTICS SUPPORT THE AGREED UPON SENTENCE**

Rafael Beamud, Jr. was born on January 14, 1981 in Guyama City, Puerto Rico. He lived in Puerto Rico until the age of eight when he traveled with his family to Lawrence, Massachusetts. The defendant was raised in Lawrence and describes his childhood as normal with good relationships with his parents and

siblings. He was involved in a significant relationship from age 15 through age 19 that yielded one child. He attended Wilmington High School but left school to help support his girlfriend and child. Soon after, he enrolled in a program at Bay State School of Technology in Canton, Ma. and earned a certificate in HVAC and major appliance repairs. From approximately 2000 to present he has been involved in second significant relationship that has yielded three children for a total of four children ages 16, 14, 12, and 4.

From February, 2005 to approximately April, 2012 Mr. Beamud was employed at Richard J. Budreau & Associates, a collection agency. He held a managerial position in an office that employed nearly 75 people and earned between $70,000.00 to 90,000.00 per year. However, by 2012 he had succumbed to depression and drug addiction and was not performing well at his position. By April, 2012, he voluntarily quit his job and was unemployed until his arrest in the present matter.

Mr. Beamud's first exposure to drugs was due to his half-brother's usage of marijuana and cocaine at an early age. Mr. Beamud started consuming alcohol by the age of thirteen and smoked marijuana by age fourteen. He graduated to cocaine consumption by age nineteen and it became problematic as his usage increased to three times per week by the time he was 22 years old. By 2006, when he was gainfully employed at Richard J. Budreau & Associates, he began using opiates, Percocet 10-mg pills. By 2007 he was consuming one-half of a Percocet 30-mg pill daily and by 2008 he was snorting five 30-mg pills per day and by 2011 he was snorting 15-20 pills per day. Finally, he voluntarily entered a detoxification facility at Hampstead Hospital in Hampstead, NH. During a six month period in 2011 he attended substance abuse counseling at the Center for Life Management in Derry, NH. He was diagnosed with opiate dependence and anxiety disorder and attended an additional 15 counseling sessions.

The defendant was clean and sober for approximately ten months or until early 2012. Unfortunately, as a result of stress related to the total loss of his home due to a fire, he relapsed and started ingesting large quantities of Percocet pills. He lived in an insurance subsidized rental unit in Salem, NH, remained unemployed and continued his increasing drug use. After quitting his job a Richard J. Budreau & Associates and arguing with his common law wife about his constant drug use and loss of employment, he attempted suicide with a firearm. By February, 2013 Mr. Beamud was smoking up to 20 pills per day and

was completely drug dependent, focusing only on ways to feed his addiction. Without money to support his addiction he made the regrettable decision to commit a bank robbery which continued in a frenzied fashion over two months and ended after multiple bank and pharmacy robberies were committed. On each occasion, Mr. Beamud would smoke Percocet pills prior to the robbery and then use the stolen funds to purchase more. After his arrest, Mr. Beamud confessed to all robberies and was cooperative with law enforcement. During his recorded statement he was remorseful and seemed relieved that it had finally come to an end.

There is no doubt that Mr. Beamud was driven to commit these offenses as a result of impaired judgment fueled by a severe drug addiction. He understands, however, that this condition does not justify or excuse his behavior and he is prepared to pay a heavy price. Mr. Beamud offers this information merely to be considered as an explanation for his conduct and as mitigating circumstances. Mr. Beamud suggests that the agreed-upon sentence is substantial and adequately punishes him for his conduct in light of his personal history and characteristics.

**B.  THE NATURE AND CIRCUMSTANCES OF THE OFFENSES WARRANT THE VARIANCE TO WHICH THE PARTIES HAVE AGREED**

In addition to "the history and characteristics of the defendant," the Court must also consider "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). Collectively, Mr. Beamud pled guilty to six bank robberies in Massachusetts and one pharmacy in New Hampshire. Mr. Beamud admitted to committing these robberies and others over the course of approximately two months. There is no doubt that each robbery committed by Mr. Beamud, by using or otherwise brandishing of a firearm, is a terrifying experience to all those involved. During the course of these robberies, however, no injuries were sustained or reported by any witness. As previously suggested, his motivation for committing the robberies was to feed an uncontrollable addiction to Percocet. Given the number and nature of the offenses, Mr. Beamud suggests to the Court that the collective global sentence of 441 months, or 36 years and 9 months, is a severe sentence that adequately reflects the nature and circumstances of the offenses. Mr. Beamud further suggests that the sentence is more than sufficient to comply with the purposes of 18 U.S.C. §3553(a).

## C. THE SENTENCING RATIONALES SET FORTH IN 18 U.S.C §3553

The sentencing rationales set forth in 18 U.S.C. § 3553(a)(2) also do not compel a longer sentence in this case.

### A. Respect for the Law and Just Punishment

A longer prison sentence is not necessary to reflect the seriousness of the offenses, to promote respect for the law, or to provide just punishment. The total period of incarceration that Mr. Beamud faces for his course of conduct over a two month period is severe and life-altering. He stands to forfeit at least the equivalent of one-third of his life to incarceration with the expectation that he may be eligible for release by the time he reaches the age of 64. When that day arrives, he will likely be destitute, unemployed and his parents will be either elderly or deceased. His life will be difficult when he is finally released.

In addition, Mr. Beamud will not be able to participate in raising his children nor will he be able to watch them grow to adulthood. In all likelihood he will be incarcerated at a facility far from his family making visiting difficult. His children will be adults and, possibly, with children of their own whom he will likely rarely see.

For these reasons and others, the proposed punishment offered by the plea agreement(s) has far reaching effects and extends beyond the period of incarceration. The proposed sentence easily promotes respect for the law and just punishment.

### B. Deterrence

For many of the same reasons, a longer prison sentence is not necessary to "afford adequate deterrence to criminal conduct" 18 U.S.C. §3553(a)(2)(B). The length of the proposed sentence taken in conjunction with the sentence to be imposed in the companion case pending in the District of New Hampshire sufficiently deters this type of criminal conduct. Any individual contemplating a similar course of conduct, even to satisfy a drug addiction or for any other reason, would certainly be deterred when faced with a lengthy sentence that is proposed in this matter.

### C. Protection from Further Crimes

A longer prison sentence also is not necessary to "protect the public from further crimes of the defendant" 18 U.S.C. §3553(a)(2)(C). Prior to the events at issue, Mr. Beamud did have a criminal record that consisted of charges for which he has been convicted and sentenced. However, given the length of the proposed sentence provided in the plea agreement(s) and the punitive effect it will have on him, there is simply no reason to believe that he would engage in criminal activity in the future. Considering the period of incarceration and the likely age of Mr. Beamud when he is eventually released, the likelihood of him engaging in criminal activity is extremely unlikely. The proposed sentence sufficiently considers the interests of the public and adequately protects it from further crimes of the defendant.

### D. Treatment and Training

Lastly, a longer prison term is not necessary "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner" 18 U.S.C. §3553(a)(2)(D). As previously stated, Mr. Beamud's conduct was the result of a severe drug addiction and mental health issues. Mr. Beamud has already taken advantage of programs available through the Massachusetts Department of Corrections and intends to take advantage of additional programs or counseling sessions in federal prison. The sentence proposed allows sufficient time for Mr. Beamud to not only receive treatment related to his addiction and mental health issues, but to seek vocational training in anticipation of applying that training once released.

## IV. CONCLUSION

Mr. Beamud committed serious offenses. The agreed-upon sentence in the Plea Agreement, taken in conjunction with the proposed sentence in the District of New Hampshire, is "sufficient, but not greater than necessary" to adequately address the offenses committed by Mr. Beamud. Taken together, the history of the defendant, the nature and circumstances of the offenses, and the sentencing factors described in 18 U.S.C. §3553 all support a sentence of 141 months in prison with five years of supervised release. The defense thus respectfully urges the Court to impose the sentence proposed by the parties' Rule 11(c)(1)(C) Plea Agreement.

Respectfully Submitted  
Defendant, Rafael Beamud  
By His Attorney,

_/s/ Philip J. Doherty_  
Philip J. Doherty  
c/o Doherty Law Offices  
73A Winthrop Ave.,  
Lawrence, Massachusetts  
978-687-7700  
pdohertylaw@verizon.net  
BBO # 554591

Dated:   June 11, 2015

## Certificate of Service

I, Philip J. Doherty, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 11, 2015.

/s/ *Philip J. Doherty*