UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RAFAEL BEAMUD, JR.,<br><br>Petitioner. | Criminal Action No. 13-10330 |

# MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                                                                                         August 2, 2017

## I. Introduction

Petitioner Rafael Beamud, Jr. ("Beamud") has moved to vacate his conviction for one count of possession of a firearm in furtherance of a crime of violence and correct his sentence pursuant to 28 U.S.C. § 2255 on the basis that this conviction is no longer permissible under Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015) ("Johnson II"). D. 85. Having considered this motion and having heard oral argument, the Court DENIES Beamud's petition to vacate his conviction and correct his sentence, D. 85.

## II. Standard of Review

Under 28 U.S.C. § 2255, the Court may vacate and correct a petitioner's sentence if such "sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of demonstrating that there is cause for relief under § 2255. Id.

**III. Factual and Procedural Background**

On November 19, 2013, a federal grand jury indicted Beamud for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). D. 10 at 1-2. On March 26, 2015, Beamud waived indictment and pled guilty to a seven-count superseding information charging him with six counts of armed bank robbery in violation of § 2113(a) and (d) (Counts I through VI) and one count of possession of a firearm in furtherance of a crime of violence in violation of § 924(c)(1)(A) (Count VII). D. 59-62.

On June 18, 2015, the Court accepted Beamud's plea and sentenced him to 141 months. D. 69; D. 71 at 3. Beamud's sentence consisted of a term of 57 months for Counts I through VI, to be served concurrently, and a term of 84 months for Count VII to be served consecutively to the terms imposed for Counts I through VI. D. 69; D. 71 at 3. Beamud has now moved to vacate his sentence under 28 U.S.C. § 2255. D. 85; see D. 96.

**IV. Discussion**

    **A. The Impact of Johnson II on the Residual Clause in § 924(c)(3)(B)**

Federal circuit and district courts are split as to whether Johnson II applies with equal force to the residual clause in 18 U.S.C. § 924(c)(3)(B). Compare United States v. Armour, 840 F.3d 904, 908 (7th Cir. 2016) (assuming that Johnson II applies to § 924(c)(3)(B)), and United States v. Herr, No. 16-cr-10038-IT, 2016 WL 6090714, at *1-3 (D. Mass. Oct. 18, 2016) (concluding that the residual clause in § 924(c)(3)(B) is void under Johnson II), with United States v. Hill, 832 F.3d 135, 146 (2d Cir. 2016) (concluding that § 924(c)(3)(B) is not void under Johnson II because § 924(c)(3) "does not involve the double-layered uncertainty present in Johnson II"), and United States v. Prickett, 839 F.3d 697, 699-700 (8th Cir. 2016) (concluding that § 924(c)(3)(B) is not

2

void under Johnson II). The First Circuit has not yet addressed this question. See United States v. Taylor, 848 F.3d 476, 491 (1st Cir. 2017) (declining to resolve whether the § 924(c)(3) residual clause is unconstitutionally vague). Assuming without deciding that Johnson II applies to the residual clause of § 924(c)(3)(B), the Court turns to whether a federal bank robbery constitutes a crime of violence under § 924(c)(3)(A), the force clause.

### B. Armed Bank Robbery in Violation of § 2113(a) and (d) Constitutes a Crime of Violence Under the Force Clause of § 924(c)(3)(A)

#### 1. *The Categorical Approach*

When determining whether an offense qualifies as a crime of violence, the Court employs the categorical approach. United States v. Fields, 823 F.3d 20, 33 (1st Cir. 2016). This approach requires the Court to "compare the statutory elements of the crime for which the defendant was previously convicted . . . with Congress' definition of the type of crime that may serve as a predicate offense[.]" Id. (quoting United States v. Fish, 758 F.3d 1, 5 (1st Cir. 2014)). In so doing, the Court takes into account the elements of the statute of conviction to determine whether the offense constitutes a crime of violence and must not inquire into the facts underlying its commission in this particular instance. United States v. Montoya, 844 F.3d 63, 72 (1st Cir. 2016); United States v. Webb, No. 01-cr-10267-WGY, 2016 WL 6647929, at *6 (D. Mass. Nov. 9, 2016).

If a statute is indivisible—i.e. when it sets out a single set of elements to define a single crime—the Court applies the default categorical approach. See Webb, 2016 WL 6647929, at *6. Here, the Court determines whether the elements of the criminal conviction "match" the language of the force clause and therefore constitute a predicate crime of violence. See id.

In this case, Beamud pled guilty to armed bank robbery in violation of § 2113(a) and (d). D. 60. Section 2113(a) provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; *or*
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> [s]hall be fined under this title or imprisoned not more than twenty years, or both.

Here, § 2113(a) is divisible and, consequently, the modified categorical approach should apply. See United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016). That is, the Court must apply the modified categorical approach instead of the default categorical approach when the underlying criminal statute is divisible. Fields, 823 F.3d at 33 n.9. A statute is divisible when it "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile." United States v. Serrano-Mercado, 784 F.3d 838, 843 (1st Cir. 2015) (quoting Descamps v. United States, 133 S. Ct. 2276, 2281 (2013)), cert. denied, No. 16-237, 2017 WL 160457 (U.S. Jan. 17, 2017). When that is the case, "these alternative elements may create distinct offenses, each of which may or may not itself be a crime of violence." Id. When considering such a statute, the Court "looks to a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of" and only thereafter determines if the specific conviction is a crime of violence via the default categorical approach. Mathis v. United States, __ U.S. __, 136 S. Ct. 2243, 2249 (2016); see Shepard v. United States, 544 U.S. 13, 16 (2005).

Here, the modified categorical approach would be necessary to determine whether Beamud pled guilty to committing bank robbery via force and violence, intimidation, or extortion or

alternatively via entering and committing any felony affecting a bank, credit union, or savings and loan association. The Court need not conduct the first step of the modified categorical approach, however, because Beamud does not contend that his conviction falls under the second set of elements and instead asserts that his conviction under the first set of elements does not categorically constitute a crime of violence under the force clause. D. 96; see D. 59; D. 60. Thus, the Court applies the default categorical approach to the first set of elements—commission of the crime via force and violence, intimidation or extortion. See Serrano-Mercado, 784 F.3d at 843.

> 2. *Unarmed and Armed Bank Robbery Pursuant to § 2113(a) and (d) Constitutes A Crime of Violence Even If Accomplished Solely By Intimidation*

Beamud gives three reasons that neither unarmed nor armed bank robbery in violation of § 2113(a) and (d) constitute crimes of violence under the force clause of § 924(c)(3)(A). D. 96 at 4. First, he contends that these crimes do not *per se* include the use of force because a crime of violence requires violent force and § 2113(a) and (d) violations can be accomplished solely via intimidation. Id. at 4-9. The Court concludes that, even when committed via intimidation, the statute has "as an element the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A).

Other district courts within the First Circuit have examined this same question and concluded that § 2113(a) and (d) violations are crimes of violence under the force clause even when accomplished via intimidation. United States v. Rachal, No. 16-cr-10043-NMG, 2016 WL 7165712, at *2-3 (D. Mass. Dec. 7, 2016); Transcript of Motion to Vacate as to Dana Rowell at 19, United States v. Rowell, 07-cr-10341-WGY (D. Mass. July 21, 2016), ECF No. 45; Chasse v. United States, No. 15-cv-473-PB, 2016 WL 4926154, at *5 (D.N.H. Sept. 15, 2016); see Kucinski v. United States, No. 16-cv-201-PB, 2016 WL 4444736, at *3 (D.N.H. Aug. 23, 2016) (conducting

5

this same inquiry in the ACCA context). This is because the First Circuit has identified bank robbery by intimidation as "the willful taking in such a way as would place an ordinary person in fear of bodily harm." Rachal, 2016 WL 7165712, at *2 (quoting United States v. Ferreira, 821 F.2d 1, 6 n.8 (1st Cir. 1987)). Intimidation in and of itself is defined as conduct "reasonably calculated to produce fear." United States v. Henson, 945 F.2d 430, 439 (1st Cir. 1991) (quoting United States v. Harris, 530 F.2d 576, 579 (4th Cir. 1976)). Under this definition, courts are required to consider "whether a reasonable person in the same circumstances would have felt coerced by a threat of bodily harm." United States v. Burns, 160 F.3d 82, 85 (1st Cir. 1998).

In United States v. Henson, for instance, the First Circuit held that the defendant's written demands to the bank teller to "[p]ut small bills . . . in an envelope" and "[h]urry up and you won't get hurt" were sufficient to show a taking by intimidation because the "communications clearly were sufficient to raise fears of bodily harm." Henson, 945 F.2d at 439-40. The intimidation—the explicit or implicit threat of physical force—"is what makes the demand effective." Kucinski, 2016 WL 4444736, at *4. That is, the victim felt compelled to hand over the money due to a reasonable fear of physical force if the demands are not satisfied. Id. As a result, a violation of § 2113(a) and (d) via intimidation necessarily involves the "threatened use of physical force" against the person or property of another required for a crime of violence. Id. at *3. Thus, under First Circuit precedent, the Court must reject Beamud's assertion that violations of § 2113(a) and (d) committed via intimidation cannot be classified as crimes of violence.

Other appellate courts that have considered this argument have likewise rejected it on the basis that intimidation necessarily includes the threat of physical force. See Armour, 840 F.3d at 908-09; McBride, 826 F.3d at 295-96; see also United States v. Pritchard, __ Fed. App'x. __, No. 15-50278, 2017 WL 2219005, at *1 (9th Cir. May 18, 2017); Clark v. United States, No. 16-2296,

6

2017 WL 690754, at *2 (7th Cir. Feb. 21, 2017); In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016); United States v. McNeal, 818 F.3d 141, 155-56 (4th Cir. 2016), cert. denied, 137 S. Ct. 164 (2016); United States v. Hullum, No. 11-cr-00127-DME-02, 2016 WL 7178312, at *5 (D. Colo. Dec. 9, 2016). For one instance, the Seventh Circuit explained that there is a "low threshold" of force that is sufficient to classify robbery via intimidation as a crime of violence and that bank robbery under § 2113(a) meets this threshold because it inherently entails a threat of violent physical force. Armour, 840 F.3d at 909. That is, a defendant has to "[c]redibly imply[] that a refusal to comply with a demand for money will be met with more forceful measures" to commit § 2113(a) via the least serious acts that still satisfy the statute. Id.

Beamud relies upon United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012), for support that committing an offense under § 2113(a) and (d) via intimidation does not rise to a crime of violence. D. 96 at 5-7. Fourth Circuit precedent, however, does not compel such a result. See McNeal, 818 F.3d at 153-54. In United States v. McNeal—a case decided after Torres-Miguel—the Fourth Circuit considered whether the appellants' convictions under 18 U.S.C. § 924(c) for brandishing a firearm should be set aside because armed bank robbery under § 2113(d) did not constitute a crime of violence as defined in the force clause. Id. at 151. There, the Fourth Circuit concluded that § 2113(a) and (d) bank robbery committed via intimidation requires the threatened use of physical force and thus constitutes a crime of violence under the force clause. Id. at 153-54. In so concluding, the Fourth Circuit explicitly stated that "Torres-Miguel does not alter our conclusion that § 2113(a) bank robbery is a crime of violence under the § 924(c)(3) force clause." Id. at 156. The court further explained that the distinction drawn in Torres-Miguel between using physical force and causing bodily injury "is irrelevant in the vast majority of bank robbery cases, as it will be the rare bank robber who commits that offense with

7

poison." Id. Moreover, because the appellants had "not identified a single bank robbery prosecution where the victim feared bodily harm from something other than violent physical force," the Fourth Circuit declined to read its precedent "to mean that a bank robbery victim is intimidated within the meaning of § 2113(a) when she reasonably fears bodily harm from something other than violent physical force." Id.

Thus, the Court declines to conclude that unarmed and armed bank robbery are not crimes of violence under the force clause because each can be committed via intimidation.[1]

### 3. The Scienter Requirement of Unarmed and Armed Bank Robbery Satisfies the Mens Rea Required For a Crime of Violence Under § 924(c)(3)(A)

Beamud next contends that federal bank robbery is not a crime of violence under the force clause because it can be accomplished via reckless intimidation without an intentional threat of physical force. D. 96 at 7. This argument rests on the premise that "to qualify as a crime of violence, an offense must require either specific intent or knowledge with respect to the use, threatened use, or attempted use of physical force." McNeal, 818 F.3d at 155-56.

The Court concludes that federal bank robbery requires the necessary mens rea to be considered a crime of violence. As to this crime, the government must prove more than the mere fact that the defendant knowingly took property; the defendant had to know that "his actions were objectively intimidating." Id. at 155. That is, to be convicted, a "defendant must knowingly engage in conduct that he knows would be intimidating to a reasonable person." Kucinski, 2016

---

[1] The First Circuit's recent ruling in United States v. Starks, 861 F.3d 306, 324 (1st Cir. 2017) does not warrant a different ruling here. The ruling in Starks concerned whether robbery, unarmed or armed, under Massachusetts law constituted the requisite violent force under the force clause of the ACCA. Id. Here, the elements of federal bank robbery are different as discussed above, see D. 102, and, therefore, the ruling in Starks does not resolve the issues presented in this case.

8

WL 4444736, at *6. To be clear, "even assuming that § 2113(a) does not require specific intent to intimidate, the statute demands more than accidental, negligent, or reckless conduct." Id. In sum, the statute requires showing that the defendant had knowledge with respect to the act of taking property via force and violence or intimidation. See Carter v. United States, 530 U.S. 255, 268 (2000); McNeal, 818 F.3d at 155. Because the government is required to prove such intent, bank robbery under § 2113(a) has the requisite mens rea to constitute a crime of violence. See Transcript of Motion to Vacate as to Dana Rowell at 19-20, Rowell, 07-cr-10341-WGY, ECF No. 45 (concluding the same); see also Pritchard, 2017 WL 2219005, at *1 (same); McFarland v. United States, No. 00-cv-1025-JFW, 2017 WL 810267, at *7 (C.D. Cal. Mar. 1, 2017) (same).

United States v. Fish, 758 F.3d at 16-17, does not dictate otherwise. There, the First Circuit determined that Massachusetts assault and battery with a dangerous weapon did not constitute a crime of violence as defined in the residual clause of 18 U.S.C. § 16(b). See id. The court reasoned that because the crime could be committed with the intentional commission of a reckless act, it falls short of the requisite mens rea for use of physical force. See id. at 16; United States v. Hudson, 823 F.3d 11, 16 (1st Cir. 2016), cert. denied, No. 16-5568, 2017 WL 69310 (U.S. Jan. 9, 2017). Beamud urges the Court to apply the reasoning of Fish when analyzing whether federal bank robbery constitutes a crime of violence under § 924(c)(3)(A). See D. 96 at 7. Fish, however, does not change the outcome here for two reasons. First, the First Circuit has acknowledged that Voisine v. United States, 136 S. Ct. 2272 (2016), "calls into question the continuing validity of Fish, as well as the similar and analogous holdings of at least ten other circuits." United States v. Tavares, 843 F.3d 1, 18 (1st Cir. 2016). Specifically, Voisine undermines precedent that dictated that reckless causing of an injury would not constitute a crime of violence under 18 U.S.C. § 16(b). Id. Second, the logic underlying Fish has no bearing here: as the Court explained above, § 2113(a)

9

requires more than recklessness to commit the offense. See supra; Kucinski, 2016 WL 4444736, at *6 n.6.

For the foregoing reasons, the mens rea required to commit either unarmed or armed bank robbery does not preclude it from qualifying as a crime of violence.

### 4. *Armed Bank Robbery Under § 2113(a) and (d) Is a Crime of Violence under the Force Clause*

Armed bank robbery under § 2113(d) requires not only that a defendant commit all of the elements of unarmed bank robbery, but also that he "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device" in so committing the offense. Beamud contends that armed bank robbery under § 2113(d) does not categorically qualify as a crime of violence under the force clause even when considering the additional element required for conviction. D. 96 at 9. Beamud's argument requires two sequential steps: first, that the Court conclude that unarmed bank robbery under § 2113(a) is not a crime of violence in and of itself and second, that the additional aforementioned element does not change that result. Here, however, the Court has concluded that unarmed bank robbery under § 2113(a) is a crime of violence under the force clause. Because § 2113(a) is a lesser-included crime of federal armed bank robbery, the Court further concludes that committing armed bank robbery must be a crime of violence *a fortiori*. See McNeal, 818 F.3d at 152, 157 (concluding the same); Chasse, 2016 WL 4926154, at *2 (explaining that both unarmed and armed bank robbery qualify as crimes of violence); Sahlin v. United States, No. 16-cv-294-JD, 2016 WL 7046744, at *2 (D.N.H. Dec. 2, 2016) (same). Regardless, as explained above, courts both within and outside of this circuit have persuasively reasoned and determined that armed bank robbery is a crime of violence under the force clause. See, e.g., In re Hines, 824 F.3d at 1337; Rachal, 2016 WL 7165712, at *1; United States v. Hunter, No. 93-cr-77-DBH-02, 2016 WL 7115971, at *1 (D. Me. Dec. 6, 2016); United States v. Enriques,

No. 08-cr-383, 2016 WL 4273187, at *10 (D. Neb. Aug. 12, 2016) (collecting cases); United States v. Taylor, No. 16-cv-1699, 2016 WL 3346543, at *2 (S.D. Tex. June 16, 2016) (collecting cases); Armour, 840 F.3d at 908 (concluding the same for attempted armed bank robbery). The Court thus declines to rule that armed bank robbery does not qualify as a crime of violence.

> 5. *Committing Armed Bank Robbery in Violation of § 2113(a) and (d) Remains a Crime of Violence under the Force Clause Even When Considering the Alternative Extortion Element*

Because armed robbery can be committed via extortion, Beamud argues that it does not necessarily involve the use of force and thus is not a crime of violence under § 924(c)(3)(A). D. 96 at 8. However, although the First Circuit has not considered this question, dicta from the Sixth Circuit provides that committing federal bank robbery via extortion does indeed constitute a crime of violence. See McBride, 826 F.3d at 296. There, the Sixth Circuit stated that "[s]ection 2113(a) seems to contain a divisible set of elements, only some of which constitute violent felonies—taking property from a bank by force and violence, or intimidation, or extortion on one hand and entering a bank intending to commit any felony affecting it (e.g., such as mortgage fraud) on the other." Id. This reasoning is persuasive because extortion has been defined as the "threat[] to do bodily harm in the future." Id. (emphasis in original). Thus, Petitioner has not demonstrated how this variation in the commission of the offense disqualifies § 2113(a) and (d) from being a crime of violence under the force clause.

For the foregoing reasons, federal bank robbery is a crime of violence pursuant to § 924(c)(3)(A) under the default categorical approach. As a result, Beamud was properly sentenced and the Court need not vacate and correct his sentence pursuant to Johnson II.

> 6. *This Result Would Not Change if the Court Applied the Modified Categorical Approach*

11

If the Court were to have concluded that the modified categorical approach applied to the first set of elements listed in § 2113(a), this result would not change. That is, some case law concludes that the first set of elements within § 2113(a) contains alternative elements by which an individual can commit the offense: (1) via force and violence or intimidation or (2) via extortion and attempted extortion. See United States v. McGuire, No. 16-cv-01166-JTM, 2016 WL 4479129, at *2 (D. Kan. Aug. 25, 2016). As such, the Court is permitted to look at the superseding information and the plea agreement to assess which subset of elements Beamud pled guilty pursuant to the modified categorical approach. Mathis, 136 S. Ct. at 2249; Shepard, 544 U.S. at 16. Those documents indicate that Beamud was charged with and convicted of committing the offense "by force and violence and by intimidation." D. 59; D. 60. If the Court were to limit its analysis to whether the force, violence and intimidation elements of the statute qualify as crimes of violence under § 924(c)(3)(A), it would reach the same result as when it applied the default categorical approach for all of the aforementioned reasons. Under either the default approach or the modified approach, Beamud's conviction for federal bank robbery constitutes a crime of violence under the force clause.

### C. Beamud Has Not Demonstrated That He Received Ineffective Assistance of Counsel Under *Strickland*

Beamud also asserts that he received ineffective assistance of counsel because his former defense attorney failed to litigate, object to or otherwise preserve the issue of whether his armed bank robbery conviction constituted a crime of violence under the force clause. D. 96 at 14. Beamud further posits that "prejudice flowed from his counsel's deficient performance" because (1) the 84-month mandatory sentence would have been avoided and (2) Beamud's guideline range would have been lower. Id. at 17.

To demonstrate ineffective assistance of counsel, "a petitioner must establish both constitutionally deficient performance on his attorney's part and concomitant prejudice, or, phrased another way, that the quality of legal representation at his trial was so inferior as to be objectively unreasonable, and that this incompetent lawyering redounded to his substantial detriment." United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) (citing Strickland v. Washington, 466 U.S. 668, 689-94 (1984)). Deficient representation does not violate the Sixth Amendment unless there was actual prejudice to the petitioner, i.e., a reasonable probability that the result of the proceeding would have been different but for the attorney's errors. United States v. Constant, 814 F.3d 570, 578 (1st Cir. 2016).

Beamud cannot demonstrate deficient representation or purported prejudice. As the Court has explained above, Beamud's offenses were properly considered crimes of violence under the force clause of § 924(c)(3)(A) even if the Court assumes that Johnson II invalidates the residual clause of § 924(c)(3)(B). Beamud thus fails to demonstrate that he received ineffective assistance of counsel.

### D. Beamud's Appellate Waiver

Beamud next argues that the circumstances of his conviction and sentence are sufficiently egregious to merit non-enforcement of his appellate waiver even if the Court does not conclude that he received ineffective assistance. D. 96 at 14. He asserts that enforcing the appellate waiver against him would result in a "miscarriage of justice" because his sentence would be substantially different if the Court examined whether armed bank robbery constitutes a crime of violence post-Johnson II. Id. at 18-19. The Court, however, as discussed above, reached the merits of his petition and concluded that Beamud's sentence would remain the same because his predicate offense of armed bank robbery is a crime of violence under the force clause of § 924(c)(3)(A). Accordingly,

13

this contention is moot and there would have been no miscarriage of justice if such waiver had been enforced.

V.      **Conclusion & Certificate of Appealability**

For the foregoing reasons, the Court DENIES Beamud's motion for relief under § 2255, D. 85.

Beamud may receive a certificate of appealability if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotations omitted). The Court will give petitioner until August 16, 2017 to file a motion, not to exceed five pages, if he seeks a certificate of appealability as to this habeas petition.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge